William J. McLean/Bar No. 039264
Andrew P. Holland/Bar No. 224737
**THOITS, LOVE, HERSHBERGER & McLEAN**
A Professional Law Corporation
285 Hamilton Avenue, Suite 300
Palo Alto, California 94301
Telephone:     (650) 327-4200
Facsimile:      (650) 325-5572

**Attorneys for Plaintiffs**
The McGraw Company and Western Service Contract Corp.

*E-filing*

**FILED**

FEB - 5 2010

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

**PVT**

**CV 10         539**

| | |
|---|---|
| THE MCGRAW COMPANY AND WESTERN SERVICE CONTRACT CORP. | No. |
| Plaintiffs, | **COMPLAINT FOR DECLARATORY RELIEF** |
| v. | **[DEMAND FOR JURY TRIAL]** |
| HARLEY-DAVIDSON, INC., | |
| Defendant. | |

THOITS, LOVE, HERSHBERGER & McLEAN
A PROFESSIONAL LAW CORPORATION
285 Hamilton Avenue, Suite 300
PALO ALTO, CALIFORNIA 94301
(650) 327-4200

Plaintiffs, The McGraw Company and Western Service Contract Corp. (hereinafter collectively referred to as "McGraw"), hereby file this Complaint against Harley-Davidson, Inc. ("Harley-Davidson") and allege as follows:

### THE NATURE OF THE ACTION

1.     This is an action for declaratory judgment of non-infringement of Harley-Davidson's registered trademarks pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, 15 U.S.C. § 1121(a) and for such other relief as the Court deems just and proper.

2.     Specifically, McGraw seeks a declaration from this Court that it does not infringe on any trademarks owned by Harley-Davidson, and that McGraw's marketing and promotion of its goods or services with their logos depicting different colored shields is not likely to confuse consumers as to the source or origin of the goods or services offered or to dilute any alleged distinctiveness of any trademarks held by Harley-Davidson.

### JURISDICTION AND VENUE

3.     This action arises under the Declaratory Judgment Act and the Lanham Act, 15 U.S.C. § 1051, *et seq.* This Court has subject matter jurisdiction for this Complaint pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(c) in that the events giving rise to the claims herein occurred in this judicial district, and that Harley-Davidson is subject to personal jurisdiction in this district by virtue of its transacting, doing and soliciting business in this district.

### INTRADISTRICT ASSIGNMENT

5.     For purposes of Civil Local Rule 3-2(d), this action arises in San Mateo County, where plaintiff McGraw is located and where a substantial amount of the actions, statements and threats described below were directed.

### PARTIES

6.     Plaintiff The McGraw Company is a company organized and existing under the

THOITS, LOVE, HERSHBERGER & McLEAN
A PROFESSIONAL LAW CORPORATION
285 Hamilton Avenue, Suite 300
PALO ALTO, CALIFORNIA 94301
(650) 327-4200

laws of the State of California with its principal place of business in Menlo Park, California. McGraw is one of the nation's largest writers of motorcycle and personal watercraft insurance.

7.    Plaintiff Western Service Contract Corp. ("WSC") is a company organized and existing under the laws of the State of California with its principal place of business in Menlo Park, California.    WSC sells extended warranties for motorcycles and personal watercrafts. Pacific Specialty Insurance Company is a wholly owned subsidiary of WSC, which sells property, casualty, liability and commercial insurance and services contracts.

9.    McGraw is informed and believes, and on that basis alleges, that Harley-Davidson is a Wisconsin corporation with its principal place of business located in Milwaukee, Wisconsin.

10.    McGraw is informed and believes, and on that basis alleges, that Harley-Davidson has engaged in continuous and systematic business in California and within this judicial district, by, *inter alia,* selling or authorizing the sale of motorcycles, motorcycle apparel and ancillary accessories and merchandise and related services in this judicial district.

**GENERAL ALLEGATIONS**

11.    Harley-Davidson purports to be the owner of certain federally registered trademarks which depict a bar and shield with the Harley-Davidson name displayed.

12.    The McGraw Company and WSC operate the commercial website http://www.mcgrawpowersports.com under the dba of The McGraw Group Affiliated Companies.    In advertising its goods and services, The McGraw Company operates the commercial website http://www.ridewithmcgraw.com.

13.    The McGraw Company and WSC display different colored logos depicting a shield in connection with each company's distinct goods and services.    A logo depicting a gray shield and a logo depicting a green shield are displayed on the commercial website http://www.mcgrawpowersports.com.    A logo depicting a red shield and a logo depicting a blue shield are displayed on the commercial website http://www.ridewithmcgraw.com.    True and

THOITS, LOVE, HERSHBERGER & McLEAN
A PROFESSIONAL LAW CORPORATION
285 Hamilton Avenue, Suite 300
PALO ALTO, CALIFORNIA 94301
(650) 327-4200

correct copies of images depicting these trademarks (the "McGraw Marks") which Harley-Davidson has claimed infringe Harley-Davidson's Bar and Shield trademarks is attached as Exhibit A.

14. On November, 23, 2006, Ms. Brenda Germundson, the "Senior Trademark Enforcement Coordinator – West Coast" for Harley-Davidson Motor Company sent a letter to McGraw. The Germundson Letter stated that McGraw's use of its logos "is likely to cause confusion, mistake or deception in the marketplace in that consumers are likely to believe that your business is somehow affiliated with, sponsored by or authorized by Harley-Davidson, when this is not the case."

15. The Germunder Letter also asserts that "Under the circumstances, it is our view that your conduct constitutes trademark infringement, unfair competition and trademark dilution", and it insisted that McGraw immediately stop using the McGraw Marks in connection with their business. A true and correct copy of the Germunder Letter is attached as Exhibit B.

16. On October 9, 2007, Mr. Kevin McPherson, "Trademark Enforcement Coordinator" for Harley-Davidson Motor Company sent another letter to McGraw. The McPherson Letter stated that Harley-Davidson "would prefer to resolve this amicably. However, if we do not receive your positive written response by October 23, 2007, we will refer the matter to our trademark attorneys." A true and correct copy of the McPherson Letter is attached as Exhibit C.

17. On April 30, 2009, Ms. Lori Burke, "Independent Trademark Counsel" for Harley-Davidson Motor Company sent another letter to McGraw. The Burke Letter stated that the "logo" still appears on the website. It further requested "...a definite timeframe of when we can expect to see a logo that does not include a bar and shield shape."

18. On August 4, 2009, in response to the Burke Letter, McGraw sent a letter to Harley-Davidson stating that, under full reservation of rights, McGraw had phased out the old logo which Harley-Davidson found objectionable and modified its logo significantly for business

THOITS, LOVE, HERSHBERGER & McLEAN
A PROFESSIONAL LAW CORPORATION
285 Hamilton Avenue, Suite 300
PALO ALTO, CALIFORNIA 94301
(650) 327-4200

purposes. The McGraw letter also stated that "McGraw firmly believes the logo as currently designed will not be confused with the trademark of Harley-Davidson." The McGraw Letter further outlined the vast differences between Harley-Davidson's Bar & Shield logo and McGraw's Marks as well as the different channels of trade each company engages in, thus minimizing the possibility of confusion. A true and correct copy of the McGraw Letter is attached as Exhibit D.

19     On November 2, 2009, McGraw received a letter from the Pruetz Law Group. The Pruetz Letter stated that the Pruetz Law Group had been retained to represent Harley-Davidson. It further stated that "The bottom line is, your purportedly "modified" logo, which was not altered in any significant manner, is just as improper as your original logo and violates Harley-Davidson's common law and registered trademark rights." The Pruetz Letter further demands that within ten days of its letter, among other requirements, that McGraw "Immediately cease using the McGraw Insurance logo that utilizes a shield and bar and is confusingly similar." A true and correct copy of the Pruetz Letter is attached as Exhibit E.

20.    Since November 2, 2009, Harley-Davidson, through its attorneys, has sent additional letters to McGraw in connection with the demands made in the Pruetz Letter that McGraw cease using the McGraw Marks.

21.    Despite McGraw's request, Harley-Davidson has made no effort to clarify how an average consumer would not be able to differentiate between Harley-Davidson and McGraw's Marks nor has any evidence of actual confusion been provided.

22.    Nevertheless, Harley-Davidson has threatened that any further use of the McGraw Marks constitutes "trademark infringement and unfair competition under federal trademark laws, 15 U.S.C. §§ 1114 and 1125, *et seq*. and statutory and common law trademark infringement and unfair competition under corresponding state laws, as well as dilution of the strength and quality of Harley-Davidson's trademarks in violation of the Federal Trademark Dilution Act (15 U.S.C. §1125(c)) and various anti-dilution statutes."

THOITS, LOVE, HERSHBERGER & McLEAN
A PROFESSIONAL LAW CORPORATION
285 Hamilton Avenue, Suite 300
PALO ALTO, CALIFORNIA 94301
(650) 327-4200

23.    Harley-Davidson has further threatened that "Harley-Davidson intends to take all actions necessary to protect its invaluable intellectual property rights."

24.    McGraw believes that there has been no infringing use of Harley-Davidson's trademarks.  The implicit threats of litigation described above in addition to further actions by Harley-Davidson has created the reasonable apprehension of imminent suit by Harley-Davidson for trademark infringement related to McGraw's use of the McGraw Marks in connection with its business.

## FIRST CLAIM FOR RELIEF
### (Declaratory Judgment – No Trademark Infringement: 15 U.S.C. §1114)

25.    McGraw incorporates by reference, as though specifically pleaded herein, the allegations of paragraphs 1 through 24.

26.    Because of Harley-Davidson's actions and threats described herein, McGraw has a reasonable and strong apprehension that it will soon be faced with a trademark infringement suit brought by Harley-Davidson. Accordingly, an actual controversy has arisen and exists between McGraw and Harley-Davidson within the meaning of 28 U.S.C. § 2201.

27.    McGraw contends that no appreciable portion of the relevant public has come to associate the McGraw Marks with Harley-Davidson and those marks do not serve in the mind of the public to identify the source of Harley-Davidson's goods or services; and that accordingly Harley-Davidson has no enforceable trademarks in the McGraw Marks.

28.    McGraw contends that the McGraw Marks are not likely to cause confusion, mistake or deception among consumers as to the source or origin of the goods or services offered by McGraw, particularly in light of the fact that McGraw does not manufacture or sell motorcycles.

29.    McGraw seeks a declaration that the McGraw Marks do not infringe any of Harley-Davidsons trademarks so that there will be no controversy clouding McGraw's right to use its marks in connection with the advertisement and sale of its goods or services.

THOITS, LOVE, HERSHBERGER & McLEAN
A PROFESSIONAL LAW CORPORATION
285 Hamilton Avenue, Suite 300
PALO ALTO, CALIFORNIA 94301
(650) 327-4200

**SECOND CLAIM FOR RELIEF**
**(Declaratory Judgment – No False Designation of Origin: 17 U.S.C. §1125)**

30.     McGraw incorporates by reference, as though specifically pleaded herein, the allegations of paragraphs 1 through 24.

31.     Because of Harley-Davidson's actions and threats described herein, McGraw has a reasonable and strong apprehension that it will soon be faced with a claim brought by Harley-Davidson for false designation of origin under Section 43(a) of the Lanham Act.  Accordingly, an actual controversy has arisen and exists between McGraw and Harley-Davidson within the meaning of 28 U.S.C. § 2201.

32.     McGraw contends that its use the McGraw Marks does not constitute false designation of origin, and is not likely to confuse or deceive consumers as to the source, origin, sponsorship, affiliation, and/or quality of its and/or Harley-Davidson's goods or services, particularly in light of the fact that McGraw does not manufacture or sell motorcycles.

33.     McGraw seeks a declaration that its use of the McGraw Marks does not constitute a false designation of origin under Section 43(a) of the Lanham Act so that there will be no controversy clouding McGraw's right to use its marks in connection with the advertisement and sale of its good or services.

**THIRD CLAIM FOR RELIEF**
**(Declaratory Judgment – No False Advertising/Unfair Competition: 17 U.S.C. §1125)**

34.     McGraw incorporates by reference, as though specifically pleaded herein, the allegations of paragraphs 1 through 24.

35.     Because of Harley-Davidson's actions and threats described herein, McGraw has a reasonable and strong apprehension that it will soon be faced with a claim brought by Harley-Davidson for false advertising or unfair competition under Section 43(a) of the Lanham Act. Accordingly, an actual controversy has arisen and exists between McGraw and Harley-Davidson within the meaning of 28 U.S.C. § 2201.

THOITS, LOVE, HERSHBERGER & McLEAN
A PROFESSIONAL LAW CORPORATION
285 Hamilton Avenue, Suite 300
PALO ALTO, CALIFORNIA 94301
(650) 327-4200

36. McGraw contends that its use of the McGraw Marks does not constitute false advertising or unfair competition, and is not likely to confuse or deceive consumers as to the source, origin, sponsorship, affiliation, and/or quality of its and/or Harley-Davidson's goods or services, particularly in light of the fact that McGraw does not manufacture or sell motorcycles.

37. McGraw seeks a declaration that its use of the McGraw Marks does not constitute false advertising or unfair competition under Section 43(a) of the Lanham Act so that there will be no controversy clouding McGraw's right to use its marks in connection with the advertisement and sale of its goods or services.

### FOURTH CLAIM FOR RELIEF
**(Declaratory Judgment – No Trademark Dilution: 17 U.S.C. §1125(c))**

38. McGraw incorporates by reference, as though specifically pleaded herein, the allegations of paragraphs 1 through 24.

39. Because of Harley-Davidson's actions and threats described herein, McGraw has a reasonable and strong apprehension that it will soon be faced with a trademark dilution suit brought by Harley-Davidson. Accordingly, an actual controversy has arisen and exists between McGraw and Harley-Davidson within the meaning of 28 U.S.C. § 2201.

40. McGraw contends that its use of the McGraw Marks does not, and is not likely to, dilute any alleged distinctive quality of Harley-Davidson's trademarks.

41. McGraw seeks a declaration that its use of the McGraw Marks does not dilute any alleged distinctive quality of Harley-Davidson's trademarks so that there will be no controversy clouding McGraw's right to use its marks in connection with the advertisement and sale of its goods or services.

### FIFTH CLAIM FOR RELIEF
**(Declaratory Judgment – No Common Law Trademark Infringement)**

42. McGraw incorporates by reference, as though specifically pleaded herein, the allegations of paragraphs 1 through 24.

THOITS, LOVE, HERSHBERGER & McLEAN
A PROFESSIONAL LAW CORPORATION
285 Hamilton Avenue, Suite 300
PALO ALTO, CALIFORNIA 94301
(650) 327-4200

43.     Because of Harley-Davidson's actions and threats described herein, McGraw has a reasonable and strong apprehension that it will soon be faced with a claim for common law trademark infringement brought by Harley-Davidson.  Accordingly, an actual controversy has arisen and exists between McGraw and Harley-Davidson within the meaning of 28 U.S.C. § 2201.

44.     McGraw contends that its use of the McGraw Marks is not likely to cause confusion, mistake or deception among consumers as to the source or origin of goods or services furnished by McGraw, particularly in light of the fact that McGraw does not manufacture or sell motorcycles.

45.     McGraw seeks a declaration that its use of the McGraw Marks does not constitute common law trademark infringement so that there will be no controversy clouding McGraw's right to use its marks in connection with the advertisement and sale of its goods or services.

### PRAYER FOR RELIEF

WHEREFORE, McGraw prays for judgment against Harley-Davidson as follows:

1.     McGraw requests a declaration that:

(a)     McGraw has not infringed on any federally registered trademarks purportedly owned by Harley-Davidson;

(b)     McGraw's, and any other entity or individual's use of the McGraw Marks does not constitute a false designation of origin under Section 43(a) of the Lanham Act;

(c)     McGraw's, and any other entity or individual's use of the McGraw Marks does not constitute false advertising or unfair competition under Section 43(a) of the Lanham Act;

(d)     McGraw's, and any other entity or individual's use of the McGraw Marks does not dilute, and is not likely to dilute, any alleged distinctive quality of any trademarks purportedly owned by Harley-Davidson; and

(e)     McGraw has not infringed any common law trademarks purportedly owned by Harley-Davidson.

THOITS, LOVE, HERSHBERGER & McLEAN
A PROFESSIONAL LAW CORPORATION
285 Hamilton Avenue, Suite 300
PALO ALTO, CALIFORNIA 94301
(650) 327-4200

2.  Injunctive relief restraining Harley-Davidson, its agents, licensees, servants, employees, successors, assigns, and all others in concert or privity with them, from bringing any lawsuit or threat against McGraw or any other person or entity for trademark infringement, contributory trademark infringement or dilution in connection with the McGraw Marks.

3.  An award of costs, expenses and attorney's fees incurred by McGraw herein pursuant to 17 U.S.C. § 505 and 15 U.S.C. § 1117; and

4.  Such other and further relief as the Court deems proper and just.

Dated:  February 5, 2010

THOITS, LOVE,
HERSHBERGER & McLEAN

By _____
Andrew P. Holland
Attorneys for Plaintiffs
The McGraw Company and Western
Service Contract Corp.

THOITS, LOVE, HERSHBERGER & McLEAN
A PROFESSIONAL LAW CORPORATION
285 Hamilton Avenue, Suite 300
PALO ALTO, CALIFORNIA 94301
(650) 327-4200

168018.002/264853

10
COMPLAINT

## CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

Pursuant to Civil L.R. 3-16, the undersigned certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

Western Service Contract Corporation:

Ann M. Morrical Trust, Shareholder

John M. McGraw, Shareholder

Michael J. McGraw Trust, Shareholder

Ann M. Morrical, Director

John M. McGraw, Director

Michael J. McGraw, Director

The McGraw Company:

Ann M. Morrical Trust, Shareholder

John M. McGraw, Shareholder

Michael J. McGraw Trust, Shareholder

Ann M. Morrical, Director

John M. McGraw, Director

Michael J. McGraw, Director

Dated:  February 5, 2010

THOITS, LOVE,
HERSHBERGER & McLEAN

By _____
Andrew P. Holland
Attorneys for Plaintiffs
McGraw Commercial Insurance
Services and Western Service Contract
Corp.

168018.002/264853

11
COMPLAINT