**THOITS, LOVE, HERSHBERGER & McLEAN**
William J. McLean (Bar No. 039264)
Stephen C. Gerrish (Bar No. 0612530)
Andrew P. Holland (Bar No. 224737)
285 Hamilton Avenue, Suite 300
Palo Alto, California 94301
Telephone:    (650) 327-4200
Facsimile:    (650) 325-5572
*Attorneys for Plaintiffs and Counterdefendants*
*The McGraw Company and Western Service Contract Corp.*

**PRUETZ LAW GROUP LLP**
Adrian M. Pruetz (Bar No. 118215)
ampruetz@pruetzlaw.com
Erica J. Pruetz (Bar No. 227712)
ejpruetz@pruetzlaw.com
200 N. Sepulveda Blvd., Suite 1525
El Segundo, California 90245
Telephone:    310.765.7650
Facsimile:    310.765.7641
*Attorneys for Defendant and Counterclaimants*
*H-D Michigan, LLC and Harley-Davidson*
*Financial Services, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| THE MCGRAW COMPANY, a California corporation; and WESTERN SERVICE CONTRACT CORP. a California corporation, <br><br> Plaintiffs, <br><br> v. <br><br> H-D MICHIGAN, LLC, a Michigan limited liability company; and HARLEY-DAVIDSON FINANCIAL SERVICES, INC., a Delaware corporation, <br><br> Defendant. <br><br> And Related Counterclaims. | CASE NO.  CV10-00539 JSW <br><br> [PROPOSED] STIPULATED PROTECTIVE ORDER |

The parties hereto, by their respective counsel, have determined that certain documents, testimony and information to be provided or produced in this action may possess confidential, proprietary trade secret or otherwise competitively sensitive information, and desiring to obtain a Protective Order entered by this Court to protect such information from unnecessary disclosure, hereby STIPULATE AND AGREE, subject to this Court's approval and <u>Fed. R. Civ. P</u>. Rule 26(c), that the following provisions shall govern the handling of such confidential information and documents in connection with any document production made in the above captioned matter:

## DEFINITIONS

1. As used in this Protective Order,

    a. "Designating Party" means any Person who designates Material as Confidential Material.

    b. "Discovering Counsel" means counsel of record for a Discovering Party.

    c. "Discovering Party" means the Party to whom Material is being Provided by a Producing Party.

    d. "Material" means any document, testimony or information in any form or medium whatsoever, including, without limitation, any written or printed matter, Provided in this action by a Party before or after the date of this Protective Order.

    e. "Party" means the Parties to this action, their attorneys of record and their agents.

    f. "Person" means any individual, corporation, partnership, unincorporated association, governmental agency, or other business or governmental entity whether a Party or not.

    g. "Producing Party" means any Person who Provides Material during the course of this action.

    h. "Provide" means to produce any Material, whether voluntarily or involuntarily, whether pursuant to request or process.

## INFORMATION SUBJECT TO THIS ORDER

Discovery materials produced in this case may be labeled as one of two categories: CONFIDENTIAL and CONFIDENTIAL ATTORNEYS' EYES ONLY, as set forth in Items A-B

below. The two identified categories of information shall be identified collectively in this Order by the title "Protected Information." Any document derived from or containing "Protected Information" must also be designated with the appropriate category of confidentiality, according to the terms of this Order. Any discovery materials produced in this lawsuit as CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY may be used only for purposes of this litigation and in the above captioned matter.

### A. Information Designated as "Confidential"

1. The term "Confidential Information" as used in this Order shall mean all information or material produced for or disclosed to a Requesting Party that the Producing Party, including any party to this action and any nonparty producing information or material voluntarily or pursuant to a subpoena or court order, considers to constitute or to contain trade secrets or other confidential research and development, technical, sales, marketing, financial, personnel, customer, vendor, or other commercial information, whether embodied in physical objects, documents, or the factual knowledge of persons, and which has been so designated by the Producing Party.

2. Any document or tangible thing containing or including any Confidential Information may be designated as such by the Producing Party by marking it "CONFIDENTIAL" prior to or at the time copies are furnished to the Requesting Party.

3. All Confidential Information not reduced to documentary, tangible or physical form or which cannot be conveniently designated as set forth in paragraph 2, shall be designated by the Producing Party by informing the Requesting Party of the designation in writing.

4. Except as otherwise provided elsewhere in this protective order and/or in any supplemental protective order entered in this matter, any documents (including physical objects) made available for inspection by counsel for the Requesting Party prior to producing copies of selected items shall initially be considered, as a whole, to constitute Confidential Attorneys' Eyes Only information and shall be subject to this Order. Thereafter, the Producing Party shall have a reasonable time to review and designate the appropriate documents as CONFIDENTIAL, or CONFIDENTIAL ATTORNEYS' EYES ONLY.

5. Documents designated CONFIDENTIAL and information contained therein shall be available only to:

    a. The Court;

    b. Court personnel, mediators, special masters, discovery referees, and court reporters and videographers recording testimony in this action;

    c. Outside counsel for the named parties and employees of such counsel to whom it is necessary that the Confidential be shown for purposes of this litigation;

    d. Consultants and experts assisting counsel in this litigation who have executed the Agreement attached hereto as Exhibit A;

    e. Employees of copying, imaging, and computer services for the purpose of copying, imaging, or organizing documents;

    f. The author, addressees, and recipients of the documents; and

    g. Any other person upon the prior written agreement of the party or nonparty who designated the Confidential Information as "Confidential" (which agreement may be recorded in a deposition or other transcript).

**B. Information Designated as "Confidential Attorneys' Eyes Only"**

6. The term "CONFIDENTIAL ATTORNEYS' EYES ONLY" as used in this Order means Confidential Information that the Producing Party believes in good faith constitute, contain and/or reflect sensitive information that would not be adequately protected under the procedures set forth herein for Confidential Information designated as "CONFIDENTIAL." For instance, documents containing competitively sensitive trade secrets, or other confidential or proprietary business and/or personal information, the disclosure of which to other parties or third parties would competitively disadvantage the Producing Party, may be designated as "CONFIDENTIAL ATTORNEYS' EYES ONLY."

7. Documents designated CONFIDENTIAL ATTORNEYS' EYES ONLY and information contained therein shall be available only to:

    a. The Court;

b. Court personnel, mediators, special masters, discovery referees, and court reporters and videographers recording testimony in this action;

c. Outside counsel for the named parties and employees of such counsel to whom it is necessary that the Confidential Information be shown for purposes of this litigation;

d. Consultants and experts assisting counsel in this litigation who have executed the Agreement attached hereto as Exhibit A;

e. Employees of copying, imaging, and computer services for the purpose of copying, imaging, or organizing documents;

f. The author, addressees and recipients of the documents; and

g. Any other person upon the prior written agreement of the party or nonparty who designated the Confidential Information as "Attorneys' Eyes Only" (which agreement may be recorded in a deposition or other transcript).

8. The restrictions set out in the Protective Order shall not apply to any Material which:

a. At the time it is Provided is available to the public;

b. After it is Provided, becomes available to the public through no act, or failure to act, of the Discovering Party; or

c. The Discovering Party can show

i. Was already known to the Discovering Party independently of receipt of the Confidential Material in this or prior litigation; or

ii. Was received by the Discovering Party, after the time it was designated as Confidential Material hereunder, from a third party having the right to make such disclosure.

### CHALLENGES TO CONFIDENTIALITY DESIGNATIONS

9. The Parties shall use reasonable care when designating documents or information as Protected Information. Nothing in this Order shall prevent a Requesting Party from contending

that any documents or information designated as Protected Information have been improperly designated. Unless prompt challenge is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Requesting Party may at any time request that the Producing Party cancel or modify the Protected Information designation with respect to any document or information contained therein.

10. A Party shall not be obligated to challenge the propriety of a designation of any category of Protected Information at the time of production, and a failure to do so shall not preclude a subsequent challenge thereto. Such a challenge shall be written, shall be served on counsel for the Producing Party, and shall particularly identify the documents or information that the Requesting Party contends should be differently designated. The Parties shall use their best efforts to resolve promptly and informally such disputes. If an agreement cannot be reached, the Requesting Party will bear the burden of requesting that the Court cancel or modify a designation. The burden of demonstrating the confidential nature of any information shall at all times be and remain on the Designating Party.

11. Until a determination by the Court, the information in issue shall be treated as having been properly designated and subject to the terms of this Order.

**LIMITATIONS ON THE USE OF PROTECTED INFORMATION**

12. All Protected Information shall be held in confidence by each person to whom it is disclosed, shall be used only as allowed by the terms of this protective order, shall not be used for any business purpose, and shall not be disclosed to any person who is not entitled to receive such information. Protected Information of one defendant shall not be shown to another defendant's technical adviser without prior consent of Producing Party.

13. Except as may be otherwise ordered by the Court, any person may be examined as a witness at depositions and trial and may testify concerning all Protected Information of which such person has prior knowledge. Without in any way limiting the generality of the foregoing:

    a. A present or former director, officer, employee of a Producing Party, may be examined and may testify at deposition or trial concerning all Protected

Information which has been produced by that party and either (1) identifies on its face the director, officer and/or employee as an author or recipient, (2) concerns a subject matter of which the director, officer and/or employee has knowledge or (3) concerns a topic about which said director, officer, and/or employee has been identified or designated to testify.

    b. Non-parties may be examined or testify at deposition or trial concerning any document containing Protected Information of a Producing Party which appears on its face or from other documents or testimony to have been received from or communicated to the nonparty as a result of any contact or relationship with the Producing Party or a representative of the Producing Party, but may not retain originals or copies of such Protected Information or any notes or transcripts reflecting such Protected Information, other than for the limited period of time necessary to review any deposition transcripts and make corrections. Any person other than the witness, his or her attorney(s), or any person qualified to receive Protected Information under this Order shall be excluded from the portion of the examination concerning such information, unless the Producing Party consents to persons other than qualified recipients being present at the examination. If the witness is represented by an attorney who is not qualified under this Order to receive such information, then prior to examination, the Producing Party shall request that the attorney provide a signed statement, in the form of Attachment A hereto, that he or she will comply with the terms of this Order and maintain the confidentiality of Protected Information disclosed during the course of the examination, the parties, by their attorneys, shall jointly seek a protective order from the Court, prohibiting the attorney from disclosing Protected Information.

14. All transcripts of depositions, exhibits, answers to interrogatories, pleadings, briefs and other documents submitted to the Court that have been designated as Protected Information or

1  which contain information so designated, shall be filed under seal in a manner prescribed by the
2  Court for such filings, specifically, Civil Local Rule 79-5.

3      15.     Outside attorneys of record for the parties are hereby authorized to be the persons
4  who may retrieve confidential exhibits and/or other confidential matters filed with the Court upon
5  termination of this litigation without further order of this Court, and are the persons to whom such
6  confidential exhibits or other confidential matters may be returned by the Clerk of the Court, if
7  they are not so retrieved. No material or copies thereof so filed shall be released to outside
8  counsel of record except by order of the Court or as otherwise provided for hereunder.

9      16.     Protected Information shall not be copied or otherwise produced by a Requesting
10  Party, except for transmission to qualified recipients, without the written permission of the
11  Producing Party, or, in the alternative, by further order of the Court. Nothing herein shall,
12  however, restrict a qualified recipient from making working copies, abstracts, digests and analyses
13  of Protected Information in connection with this litigation and such working copies, abstracts,
14  digests and analyses shall be deemed Protected Information under the terms of this Order.
15  Further, nothing herein shall restrict a qualified recipient from converting or translating Protected
16  Information into machine readable form for incorporation into a data-retrieval system used in
17  connection with this action, provided that access to that Protected Information, in whatever form
18  stored or reproduced, shall be limited to qualified recipients.

19      17.     At the request of any Party, the original and all copies of any deposition transcript,
20  in whole or in part, shall be marked "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS'
21  EYES ONLY" by the reporter. This request may be made orally during the deposition or in
22  writing within twenty-one (21) days of receipt of the final certified transcript. Deposition
23  transcripts shall be treated as CONFIDENTIAL ATTORNEYS' EYES ONLY until the expiration
24  of the time to make a confidentiality designation. Any portions so designated shall thereafter be
25  treated in accordance with the terms of this Order.

26      18.     Where Protected Information is used at trial, it is the burden of the Designating
27  Party whose documents or materials are being used to make arrangements with the Court to ensure
28

-7-
[Proposed] Protective Order

that its Protected Information remains confidential; however, where Protected Information is to be used at trial by a party other than the Designating Party, the Designating Party must be notified at least 10 days before trial, so that the Designating Party is able to make arrangements with the Court to ensure that its Protected Information remains confidential.

## NONPARTY USE OF THIS PROTECTIVE ORDER

19. A nonparty producing information or material voluntarily or pursuant to a subpoena or a court order may designate such material or information as Protected Information pursuant to the terms of this Protective Order.

20. A nonparty's use of this Protective Order to protect its Protected Information does not entitle that nonparty access to the Protected Information produced by any Party in this case.

## NO WAIVER OF PRIVILEGE

21. Nothing in this Protective Order shall require production of information that a Party contends is protected from disclosure by the attorney-client privilege, the work product immunity or other privilege, doctrine, right, or immunity. If information subject to a claim of attorney-client privilege, the work product immunity or other privilege, doctrine, right, or immunity is nevertheless inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppels as to, any such privilege, doctrine, right or immunity. If any Party inadvertently or unintentionally produces material protected under the attorney-client privilege, the work product immunity or other privilege, doctrine, right, or immunity, any holder of that privilege, right, or immunity may obtain the return of those materials by notifying the recipient(s) promptly after the discovery of the inadvertent or unintentional production and providing a privilege log for the inadvertently or unintentionally produced materials. The recipient(s) shall gather and return all copies of the privileged or immune material to the Producing Party, except for any pages containing privileged markings by the recipient, which pages shall instead be destroyed and certified as such by the recipient to the Producing Party. Nothing herein shall prevent the Requesting Party from challenging the propriety of the attorney-client privilege or work product immunity or other applicable privilege or immunity

1 designation (based on information independent of the snapped-back content of the allegedly
2 privileged materials in question) by submitting a written challenge to the Court.  Notwithstanding
3 this provision, no person is required to delete information that may reside on the respective
4 person's electronic back-up systems that are over-written in the normal course of business.

5      22. Any of the notice requirements herein may be waived, in whole or in part, but only
6 in writing signed by an outside counsel of record for the Party against whom such waiver will be
7 effective.

8      23. Inadvertent or unintentional production of documents or things containing
9 Protected Information which are not designated as one or more of the two categories of Protected
10 Information at the time of production shall not be deemed a waiver, in whole or in part, of a claim
11 for confidential treatment.  The Producing Party shall notify the receiving parties promptly in
12 writing after the discovery of the error and, with respect to documents, provide replacement pages
13 bearing the appropriate confidentiality legend.  In the event of any unintentional or inadvertent
14 disclosure of Protected Information other than in a manner authorized by this Protective Order,
15 counsel for the Party responsible for the disclosure shall immediately notify opposing counsel of
16 all of the pertinent facts, and make every effort to further prevent unauthorized disclosure,
17 including retrieving all copies of the Protected Information from the recipient(s) thereof, and
18 securing the agreement of the recipients not to further disseminate the Protected Information in
19 any form.  Compliance with the foregoing shall not prevent the Producing Party from seeking
20 further relief from the Court.

21      24. Within sixty (60) days after the entry of a final non-appealable judgment or order,
22 or the complete settlement of all claims asserted against all parties in this action, each Party shall,
23 at the option of the Requesting Party, either return or destroy all physical objects and documents
24 which embody Protected Information it has received, and shall destroy in whatever form stored or
25 reproduced, all physical objects and documents, including but not limited to, correspondence,
26 memoranda, notes and other work-product materials, which contain or refer to any category of
27 Protected Information.  All Protected Information not embodied in physical objects and documents
28

-9-
[Proposed] Protective Order

Case3:10-cv-00539-JSW Document29 Filed08/23/10 Page11 of 16

1  shall remain subject to this Order.  Notwithstanding this provision, no person is required to delete
2  information that may reside on the respective person's electronic back-up systems that are over-
3  written in the normal course of business.  Notwithstanding the foregoing, outside counsel shall be
4  entitled to maintain copies of all correspondence, pleadings, motions and trail briefs (including all
5  supporting and opposing papers and exhibits thereto), written discovery requests and responses
6  (and exhibits thereto), deposition transcripts (and exhibits thereto), trial transcripts, and exhibits
7  offered or introduced into evidence at any hearing or trial, and their attorney work product which
8  refers or is related to any CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY
9  information for archival purposes only.  If a Party destroys Protected Information, the destruction
10 must be by means satisfactory to the Producing Party, and the Party must provide a Certificate of
11 Destruction to the Producing Party.

12     25.    If at any time documents containing Protected Information are subpoenaed by any
13 court, arbitral, administrative or legislative body, the person to whom the subpoena or other
14 request is directed shall within three (3) business days give written notice thereof to every Party
15 who has produced such documents and to its counsel and shall provide each such Party with an
16 opportunity to object to the production of such documents.  If a Producing Party does not take
17 steps to prevent disclosure of such documents with ten (10) business days of the date written
18 notice is given, the Party to whom the referenced subpoena is directed may produce such
19 documents in response thereto.

20     26.    This Order is entered without prejudice to the right of any Party to apply to the
21 Court at any time for additional protection, or to relax or rescind the restrictions of this Order,
22 when convenience or necessity requires.  Furthermore, without application to this Court, any Party
23 that is a beneficiary of the protection of this Order may enter a written agreement releasing any
24 other Party hereto from one or more requirements of this Order even if the conduct subject to the
25 release would otherwise violate the terms herein.

26     27.    Nothing in this Order shall restrict any Party to this lawsuit or its attorneys from
27 disclosing or using, in any manner and for any purpose, its own Protected Information.
28

[Proposed] Protective Order

28. Nothing in this Protective Order obligates a Party to produce trade secrets, which are neither relevant, nor necessary to prove any claim or defense at trial, such as, by way of example only, infringement based on the Court's claim construction.

29. Nothing in this Protective Order shall bar counsel from rendering advice to his or her client with respect to this litigation and, in the course thereof, relying upon any Protected Materials in a manner not specifically authorized under this Protective Order.

30. Nothing in this Protective Order shall be deemed to limit, prejudice, or waive any right of any Party or Person (a) to resist or compel discovery with respect to, or to seek to obtain additional or different protection for, Material claimed to be protected work product or privileged under California or federal law, Material as to which the Producing Party claims a legal obligation not to disclose, or Material not required to be provided pursuant to California law; (b) to seek to modify or obtain relief from any aspect of this Protective Order; (c) to object to the use, relevance, or admissibility at trial or otherwise of any Material, whether or not designated in whole or in part as Confidential Material governed by this Protective Order; or (d) otherwise to require that discovery be conducted according to governing laws and rules.

31. Designation of Material as Confidential Material on the face of such Material shall have no effect on the authenticity or admissibility of such Material at trial.

32. This Protective Order shall not preclude any Person from waiving the applicability of this Protective Order with respect to any Confidential Material Provided by that Person or using any Confidential Material Provided by that Person or using any Confidential Material owned by that Person in any manner that Person deems appropriate.

33. This Protective Order shall not affect any contractual, statutory or other legal obligation or the rights of any Party or Person with respect to Confidential Material designated by that Party.

34. The United States District Court for the Northern District of California, San Francisco Division, is responsible for the interpretation and enforcement of this Agreed Protective Order. After termination of this litigation, the provisions of this Agreed Protective Order shall

continue to be binding except with respect to those documents and information that become a matter of public record. This Court retains and shall have continuing jurisdiction over the parties and recipients of the Protected Information for enforcement of the provision of this Agreed Protective Order following termination of this litigation. All disputes concerning Protected Information produced under the protection of this Agreed Protective Order shall be resolved by the United States District Court for the Northern District of California, San Francisco Division.

35. No Party shall be required to identify on its privilege log any document or communication dated on or after and/or created on or after the filing of the lawsuit, which absent this provision, the Party would have been obligated to so identify on said privilege log.

DATED: August 18, 2010      **THOITS, LOVE, HERSHBERGER & MCLEAN**

By /s/ Andrew P. Holland

Andrew P. Holland
Attorneys for Plaintiffs and Counterdefendants
McGraw Commercial Insurance Services and
Western Service Contract Corp.

DATED: August 18, 2010      **PRUETZ LAW GROUP LLP**

By /s/ Erica J. Pruetz

Erica J. Pruetz
Attorneys for Defendant and Counterclaimants
H-D Michigan, LLC and Harley-Davidson-
Financial Services, Inc.

-12-
[Proposed] Protective Order

**Declaration of Consent**

Pursuant to General Order No. 45, Section X(B) regarding signatures, I attest under penalty of perjury that concurrence in the filing of this document has been obtained from Andrew P. Holland.

DATED: August 18, 2010        **PRUETZ LAW GROUP LLP**

By /s/ Erica J. Pruetz
---
Erica J. Pruetz
Attorneys for Defendant and Counterclaimants
H-D Michigan, LLC and Harley-Davidson-
Financial Services, Inc.

**IT IS SO ORDERED.**

DATED: August \_\_\_\_\_, 2010

_____
JEFFREY S. WHITE
United States District Judge

-13-
[Proposed] Protective Order

## ATTACHMENT A TO STIPULATED PROTECTIVE ORDER

1. I reside at _____.

2. My present employer is _____.

3. My present occupation or job description is _____.

4. I have read the Agreed Protective Order dated _____ , and have been engaged as _____ on behalf of _____ in connection with the matter The McGraw Company, et al. v. H-D Michigan, LLC., et al. (Case No. CV10-00539 JSW).

5. I am fully familiar with and agree to comply with and be bound by the provisions of said Order. I understand that I am to retain all copies of any documents designated as CONFIDENTIAL AND/OR ATTORNEYS' EYES ONLY information in a secure manner, and that all copies are to remain in my personal custody until I have completed my assigned duties, whereupon the copies and any writing prepared by me containing any CONFIDENTIAL AND/OR ATTORNEYS' EYES ONLY information are to be returned to counsel who provided me with such material or destroyed as directed by such counsel.

6. I will not divulge to persons other than those specifically authorized by said Order, and will not copy or use except solely for the purpose of this action, any information obtained pursuant to said Order, except as provided in said Order. I also agree to notify any stenographic or clerical personnel who are required to assist me of the terms of said Order.

7. I agree that with the exception of my work on this litigation, I will not consult, advise, or otherwise obtain employment with any competitor of any producing party from which I have received or been provided access to Confidential Information in the subject areas of the products or businesses at issue in this litigation without the consent of the producing party (ies), which consent shall not be unreasonably withheld. This obligation expires two years after the final termination of this litigation.

-14-
[Proposed] Protective Order

8. I further agree to submit to the jurisdiction of the United States Court for the Northern District of California for the purpose of enforcing the terms of this Order, even if such enforcement proceedings occur after termination of this action.

9. I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on _____, at _____

_____
Name

_____
Signature